Squire Patton Boggs (US) LLP
Sean P. Conboy (State Bar # 214487)
sean.conboy@squirepb.com
Nasstaran Ruhparwar (State Bar # 263293)
nasstaran.ruhparwar@squirepb.com
Michael Carlin (State Bar # 290264)
michael.carlin@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 689 5106
Facsimile:   +1 213 623 4581

Attorneys for Defendants
VOLKSWAGEN GROUP OF AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIREN D. PATEL, individually and on behalf of DSHYANI LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, dba AUDI OF AMERICA, INC., DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-02421<br><br>Hon. Beth Labson Freeman<br><br>**JOINT CASE MANAGEMENT STATEMENT (RULE 26(F) REPORT)** |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference, the parties submit the following Joint Report.

### Joint Rule 26(f) Report

### 1. Subject Matter Jurisdiction

Defendants contend that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331. The amount in controversy exceeds $75,000.00 because Plaintiffs allege and demand total damages of $230,465.40 (*i.e.,* $76,821.80 + civil penalty of

$153,643.60) plus consequential and incidental damages, costs of suit, attorney fees, and pre-judgment interest. The parties do not contest the Court's jurisdiction of this matter.

## 2. Factual Statement of the Case

<u>Plaintiffs' Statement</u>: Plaintiff HIREN D. PATEL, individually and on behalf of DSHYANI, LLC (collectively, "Plaintiffs") filed this action on March 27, 2017, in the Superior Court of California, County of Santa Clara, against Defendant Volkswagen Group of America, Inc. ("VWGoA"), stating claims for violation of the Song-Beverly Consumer Warranty Act by breach of express and implied warranties, and failure to commence and complete repairs within the time prescribed by law. The case was removed to the United States District Court for the Northern District of California on April 27, 2017 by VWGoA.

This case involves a 2010 Audi Q7 automobile purchased on April 30, 2010, by Plaintiffs. The Audi Q7 was manufactured, distributed, and warranted by VWGoA. Plaintiffs alleged the Audi Q7 was sold with and/or manifested significant defects and non-conformities to warranties, because it was equipped with a defective engine, emissions, transmission, interior, and electrical system. Plaintiffs contend that the vehicle was not repaired to conform to the express warranties despite VWGoA and its authorized repair facilities having a reasonable number of opportunities to do so.

Plaintiffs requested that VWGoA repurchase the vehicle and make restitution in accordance with California law, and contend that VWGoA acted willfully when it denied Plaintiffs' request. Plaintiffs therefore seek statutory restitution and/or rescission of the purchase agreement, and civil penalties for the willful violation. In addition, Plaintiffs seek incidental and consequential damages, collateral damages, and attorney fees, according to law.

<u>Defendants' Statement</u>: Defendants contend that they had no duty to repurchase the vehicle under the Song-Beverly Act, and deny they breached any

warranties, express or implied, with respect to the subject vehicle. Further, Defendants contend the subject vehicle was conformed to the terms of the express written limited warranty within a reasonable number of repair attempts and that the alleged nonconformities do not and did not substantially impair the subject vehicle's use, value, or safety. Plaintiffs first contacted VWGoA on or around October 3, 2016, seeking a repurchase of the subject vehicle. After reviewing the subject vehicle's repair history, VWGoA concluded that a repurchase of the subject vehicle was not appropriate. Defendants deny that Plaintiffs are entitled to any damages. Defendants will seek to recover their costs, as well as reasonable attorney fees pursuant to Cal. Civ. Code § 1780(e).

### 3. Legal Issues

The Complaint asserts claims for violation of the Song-Beverly Act for breach of implied warranty (Cal. Civ. Code §§ 1791 - 1792, 1794); breach of express warranties (Cal. Civ. Code §§ 1793.2, subd. (d), 1794); and failure to commence repairs within a reasonable time and to complete them within 30 days (Cal. Civ. Code § 1793.2, subd. (d)). Legal issues include whether the Audi Q7 was fit for the ordinary purpose for which such goods are used and/or of the same quality as generally acceptable in the trade, and whether VWGoA and its authorized repair facilities failed to repair the Audi Q7 to conform to its express warranties within a reasonable number of opportunities to do so, and/or failed to commence repairs within a reasonable time or complete repairs within 30 days.

Defendants allege that Defendants contend that they promptly complied with their obligations under the Song-Beverly Warranty Act, and deny they breached any warranties, express or implied, with respect to the subject vehicle. In addition, Defendants deny that they engaged in any fraud or deceit in connection with the subject vehicle. Further, Defendants contend the subject vehicle was conformed to the terms of the express written limited warranty within a reasonable number of

repair attempts and that the alleged nonconformities do not and did not substantially impair the subject vehicle's use, value, or safety.

### 4. Motions

Other than motions to limit evidence at trial, the parties do not anticipate filing any motions at this time.

### 5. Amendment of Pleadings

The parties do not anticipate filing any motions to amend pleadings, transfer venue, or add parties.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to FRCP 26(f) and generally agree that any electronically stored information will initially be produced by printing it out on paper and produced on paper.

### 7. Disclosures

The parties' Rule 26 initial disclosures were served full and timely on September 20, 2017 and included a description of all presently known witnesses and potentially relevant documents in this matter.

### 8. Discovery

**Status of Discovery**

The parties have not yet served any written discovery in this case.

**Discovery Plan**

Rule 26(f)(3)(A): The parties believe that no changes to the Rule 26(a) disclosures are needed.

Rule 26(f)(3)(B):

The scope of Plaintiffs' anticipated discovery shall include, without limitation, documents reflecting: the complete vehicle history of the subject vehicle including all maintenance and repairs; communications between Plaintiffs and Defendant VWGoA and/or any of its agents, representatives, etc. including but not

- 4 -

limited to Audi and/or Volkswagen dealerships; internal VWGoA communications regarding Plaintiffs' Audi Q7 and its parts and/or components; communications between VWGoA and any third parties (including dealerships, service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding Plaintiffs and their Audi Q7, and any parts and/or components thereof; VWGoA's consideration and denial of Plaintiffs' request(s) for relief; VWGoA's policies and procedures regarding repeat repairs and the reporting and handling of customer complaints and/or requests for relief under warranty and/or California law; information regarding buybacks of the 2010 Audi Q7 model for complaints similar to those alleged by Plaintiffs; information regarding complaints about the 2010 Audi Q7 from customers for complaints similar to those alleged by Plaintiffs.

Plaintiffs intend to depose percipient dealership and service center personnel that are identified in repair orders and the sales contract, and Rule 30(b)(6) designees and/or persons most knowledgeable. Plaintiffs intend to depose any experts designated by VWGoA and will assess the need to designate any experts in support of their own case. Discovery is ongoing. Plaintiffs reserve the opportunity to supplement this section as needed.

VWGoA will seek discovery on the following subjects: the repair, service, and maintenance history of the subject vehicle; Plaintiffs' use of, payment for, and any accidents involving and/or modifications to the subject vehicle; Plaintiffs' (and their counsel's) communications with VWGoA and all dealerships, including any pre-representation attorney advertisements received by Plaintiffs regarding the subject vehicle or the lemon law. VWGoA's discovery will include a vehicle inspection and depositions of Plaintiffs and any witnesses identified by Plaintiffs to the alleged nonconformities with the subject vehicle and any impairment of its use, value or safety, as well as any witnesses discovered during VWGoA's investigation, and/or identified by Plaintiff. VWGoA will also propound written interrogatories, requests for production of documents, and requests for admission.

<u>Whether discovery should be conducted in phases</u>: At this time the parties do not believe that the Court should issue any order concerning the phases of discovery.

<u>Whether discovery should or be limited to or focused on particular issues</u>: Defendants believe that the scope of discovery should be limited to issues pertaining solely and specifically to the subject vehicle.

<u>Rule 26(f)(3)(C)</u>: The parties generally agree that any electronically stored information will initially be produced through initial production by printing it out on paper and produced on paper.

<u>Rule 26(f)(3)(D)</u>: Each party will assert the attorney-client privilege and the attorney work product privilege in the manner required by the Federal Rules of Civil Procedure.

<u>Rule 26(f)(3)(E)</u>: The parties believe that no changes are required to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's Local Rules.

<u>Rule 26(f)(3)(F)</u>: The parties do not believe it necessary for the Court to enter any other orders under Rule 26(c) or under Rule 16(b) and (c) at this time.

### 9. Class Action

Not Applicable.

### 10. Related Cases

None.

### 11. Relief

Plaintiffs seek the following categories of damages:

    1. General, special and actual damages according to proof at trial;

    2. Rescission of the purchase agreement and restitution of all monies expended;

    3. Diminution in value;

    4. Incidental and consequential damages according to proof at trial;

      5. Civil penalty in the amount of two times Plaintiffs' actual damages;

      6. Prejudgment interest at the legal rate;

      7. Reasonable attorney's fees and costs of suit; and

      8. Such other and further relief as the Court deems just and proper under the circumstances.

If Plaintiffs prevail under their breach of warranty claims, VWGoA must either replace the Q7 or make restitution, less an amount attributable to Plaintiffs' use prior to the first presentation to VWGoA's authorized facilities for repair of the nonconformity, together with incidental and consequential damages according to proof (collectively, "actual damages"). Pursuant to the Song-Beverly Act (Cal. Civ. Code § 1793.2(d)(2)(B)), restitution damages are defined as follows:

"[A]n amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding non-manufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer."

The "actual price paid or payable" by Plaintiffs for the Audi Q7 is approximately $76,821.80. Pursuant to Song-Beverly, Plaintiffs also allege that they are entitled to civil penalties due to Defendant's willful conduct in the amount of two times the actual damages, which include incidental and consequential damages. (See Cal. Civ. Code § 1794(c)). These damages are still accruing and will be determined according to proof.

Further, if Plaintiffs prevail in this matter, they are entitled to costs of suit and attorney fees incurred in the commencement and prosecution of this action, which are still accruing and will be established by motion after trial. (See Cal. Civ. Code § 1794(d)). Plaintiffs are also entitled to pre-judgment interest. (See Cal. Civ.

Code § 3289). Discovery is ongoing. Plaintiffs reserve the right to amend this statement of damages.

Defendants contend that damages – including civil penalty damages are not justified under the Song-Beverly Act, in part because Defendants did not violate the Song-Beverly Act, let alone "willfully" violate it, and that damages are not otherwise justified or supported by any of the other causes of action asserted by Plaintiffs.

## 12. Settlement and ADR

The Parties attempted mediation on June 21, 2017, which was not successful. The Parties stipulated to Early Neutral Evaluation and will attend an ENE on or before December 22, 2017.

## 13. Consent to Magistrate Judge for All Purposes

Defendant does not consent to a Magistrate Judge.

## 14. Other References

The parties do not agree that the case is suitable for reference.

## 15. Narrowing of Issues

Not applicable at this time.

## 16. Expedited Trial Procedure

The parties do not believe this case should be handled under the Expedited Trial Procedure.

## 17. Scheduling

See Proposed Trial Timeline.

## 18. Trial

Plaintiffs estimate a 5-7 day jury trial. Defendant estimates a 4 day non-jury trial. Plaintiff contemplates calling a total of 6-8 percipient witnesses plus experts; VWGoA contemplates calling a total of four (4) witnesses.

### 19. Disclosure of Non-Party Interested Entities

Defendant has filed a certification of interested entities or persons. The only persons and entities that Defendant is aware of that have an interest in the outcome of the case other than the parties is Volkswagen AG. Plaintiffs are aware of no other persons or entities with an interest in the outcome of the case.

### 20. Professional Conduct

All attorneys of record have reviewed the guidelines for Professional Conduct for Professional Conduct for the Northern District of California.

### 21. Other Issues

The parties currently know of no other issues affecting the status or management of the case.

Dated: September 28, 2017              SQUIRE PATTON BOGGS (US) LLP


By:   /S/ Michael Carlin
         Sean P. Conboy
         Nasstaran Ruhparwar
         Michael Carlin

Attorneys for Defendant
VOLKSWAGEN GROUP OF AMERICA, INC.


Dated: September 28, 2017              KNIGHT LAW GROUP LLP


By: :   /S/ Russell Higgins
              Russell Higgins

Attorneys for Plaintiffs

HIREN D. PATEL, individually and on behalf of DSHYANI LLC

## PROPOSED TRIAL TIMELINE

| Matter/Event | Proposed Date | Court Order |
|---|---|---|
| Last Date to Hear Motion to Amend Pleadings/Add Parties | October 31, 2017 | |
| Non-Expert Discovery Cut-Off | August 6, 2018 | |
| Expert Disclosure (Initial) | September 10, 2018 | |
| Expert Disclosure (Rebuttal) | September 24, 2018 | |
| Expert Discovery Cut-Off | October 26, 2018 | |
| Last Date to Hear Motions | December 13, 2018 | |
| Last Date to Conduct Settlement Conference | January 4, 2019 | |
| Final Pretrial Conference | January 17, 2019 at 1:30 p.m. | |
| Jury Trial (5-7 Day Est.) | February 19, 2019 at 9:00 a.m. | |